J-S04012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL YOUNG, | |
| Appellant | No. 932 EDA 2016 |

Appeal from the Judgment of Sentence January 22, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004285-2015

BEFORE: SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 13, 2017**

Appellant, Michael Young, appeals from the judgment of sentence entered on January 22, 2016, as made final by the order determining him to be a sexually violent predator ("SVP") entered on February 22, 2016. We affirm.

The trial court summarized the history of this case as follows:

**FACTUAL HISTORY:**

> The basis for the Appellant's charges stemmed from an incident that occurred on March 16, 2015, when the police were called to a home in Upper Darby Township, Delaware County, PA. The Victim's Mother reported to police that she had just witnessed Appellant at the foot of her 16-year-old daughter's bed rubbing his hand on the Victim's rectum and vagina over her clothing. At the time of the incident, the Victim's Mother was

---

[*] Former Justice specially assigned to the Superior Court.

Appellant's girlfriend. The Victim stated that the Appellant sexually assaulted her numerous times in the past, when he would come into her bedroom at night, touch her breasts and vagina and expose his penis to her.

## PROCEDURAL HISTORY:

On September 1, 2015, David Iannucci, Esquire, Assistant Public Defender, entered his appearance on behalf of the Appellant. On September 14, 2015, the Appellant entered a negotiated guilty plea to Indecent Assault-Person Unconscious. On January 22, 2016, following the SVP Hearing, the Appellant was sentenced pursuant to the recommended sentence offered by the Commonwealth: Count 1, Indecent Assault, time served to 12 months, and four years County probation, with a lifetime registration requirement. On January 25, 2016, an Order and Findings were filed by the Court. On February 1, 2016, the Appellant filed a "Motion for Reconsideration". On February 19, 2016, the Court issued a supplemental Order with additional Findings determining that Appellant is a[n] SVP. [The Order was entered on the trial court's docket on February 22, 2016.] On March 18, 2016, the Appellant filed a timely Notice of Appeal.

* * *

### *The Sexually Violent Predator Hearing:*

After Appellant's conviction, this Court, pursuant to the provisions of 42 Pa.C.S.§ 9799.24, ordered Appellant be assessed by the Pennsylvania Sexual Offenders Assessment Board (SOAB) to determine if Appellant met the criteria set forth in the law for a Sexually Violent Predator. Upon receipt of the Order from the Court, the Board designated Board member Melanie Cerone, Ph.D., a licensed psychologist, to make the assessment of Appellant to determine whether he is a Sexually Violent Predator.

Dr. Cerone completed a written report and submitted findings to the Court. She outlined the facts she considered relevant to each factor, as more fully set forth in her written report. After review of the Board's report, a Hearing was held on January 22, 2016, to assist the Court in making an accurate determination as to whether Appellant should be deemed a Sexually Violent Predator. Dr. Cerone's Report was admitted

into evidence without objection as Commonwealth's Exhibit, C-1 at the SVP Hearing held January 22, 2016. (N.T. 1/22/16 p.24). This was uncontroverted evidence, as the Appellant did not produce any witnesses at the SVP Hearing.

In preparation for her report, Dr. Cerone reviewed *inter alia*: the S.O.A.B. (sexual offenders assessment board) investigator's report, police report, arrest report, letter from victim's mother, affidavit, complaint and Appellant's criminal history. Dr. Cerone reported that she did not interview the Appellant. (*See* Commonwealth's Exhibit, C-1). Dr. Cerone's report and testimony included the following.

1. The Appellant has an extensive criminal history including violating state parole. Appellant's criminal history is reflective of his antisocial nature. He has convictions for *inter alia*: Burglary, Aggravated Assault, Terroristic Threats, Possession of an Instrument of Crime (Firearm), Theft by Unlawful Taking, Resisting Arrest and Receiving Stolen Property, Simple Assault, and Terroristic Threat[1]. A number of these offenses were committed while he was on probation. The totality indicates antisocial behavior. Further, the multiple criminal offenses go toward a mental abnormality.

[1] 1995 and 1999.

2. Dr. Cerone determined that the Appellant's acts were predatory. In the instant offense, the Appellant entered the young victim's bedroom while she was sleeping, rubbed her rectum and vagina over her clothes. The Appellant exploited the victim for his own sexual gratification. Dr. Cerone opined that the Appellant has established a pattern of predatory offending and his behavior meets the statutory definition of predatory behavior.

3. Dr. Cerone also reported: "According to the Childline report pertaining to the instant offense, the victim related that a few days prior to the instant offense, Appellant came into her bedroom while she was asleep. The victim awoke to Appellant attempting to remove her shorts. She stated that

his penis was exposed. She reported that Appellant did not say anything to her and left the room when she woke up." (Dr. Cerone's Report p.3). As previously noted, Dr. Cerone's Report was admitted into evidence as C-1 and [Appellant] had no objection to the admission of the Report.

4. Dr. Cerone's report, Commonwealth's Exhibit, C-1, evidenced her determination that Appellant is a Sexually Violent Predator after taking into account such factors that are provided in 42 Pa.C.S. §9799.24(b). See, 42 Pa.C.S. §9799.10 et. seq., Dr. Cerone determined that the Appellant met the statutory definition of a Sexually Violent Predator. Dr. Cerone concluded: "it is this Board Member's professional opinion within a reasonable degree of professional certainty that Appellant meets the criteria to be classified as a Sexually Violent Predator under the Act.["] (C-1 p.11); (N.T. 1/22/16 p.23).

5. The Commonwealth proved by clear and convincing evidence that Appellant suffers from a mental abnormality or personality disorder that makes Appellant likely to engage in predatory sexually violent offenses. The evidence confirms proof of a mental defect or personal disorder, which is an indication of Appellant's further dangerousness.

6. The credible testimony confirmed the following:

> a. Records indicate that the Appellant's instant offense involved one female child victim.
>
> b. The Appellant did not exceed the means necessary to achieve the offense.
>
> c. The Appellant entered the victim's bedroom while she was sleeping, rubbed his hand on her rectum and vagina, over her clothing. The Appellant exploited the victim for his own sexual gratification.
>
> d. The Appellant was 46 at the time of the instant offense. His age compared to the age

of his victim (16) is consistent with an antisocial pattern of behavior.

e. Dr. Cerone reported that the Appellant met DSM-5 diagnostic criteria for Antisocial Personality Disorder. The Appellant has demonstrated significant antisocial behavior as an adult. He has a history of multiple arrests and convictions for a variety of criminal offenses. Further, the Appellant has failed to profit from his experiences of being arrested and sanctioned for his antisocial behavior, and has responded poorly to parole supervision.

f. It is Dr. Cerone's clinical opinion that the Appellant has followed antisocial pathways to sexual offending. Records indicate that the Appellant has sexually abused a child victim while she was sleeping. It is apparent that his Antisocial Personality Disorder overrode his judgment and behavioral control. **The Appellant's behavior is associated significantly with sexual offense recidivism.** (N.T. 1/22/16 p.21).

g. It is Dr. Cerone's professional opinion within a reasonable degree of professional certainty that the Appellant suffers from a Mental Abnormality/Personality Disorder as defined in the Act. She testified at the SVP Hearing: "...I believe he has an Anti-Social Personality Disorder" (N.T. 1/22/16 p.21).

h. In addition, it is Dr. Cerone's opinion, to a reasonable degree of professional certainty, that the Appellant currently meets the criteria set forth in the law for Sexually Violent Predator. (N.T. 1/22/16 p.23).

7. Dr. Cerone's testimony was so clear, direct, weighty and convincing to demonstrate that Appellant suffers from a mental abnormality and mental disorder or personality disorder that makes

him likely to engage in predatory sexual violent offenses.

After the Hearing, the Court, based on all the evidence submitted at the Hearing, the Board's assessment, and the Court's independent review, concluded that Appellant met the criteria and shall be classified as a Sexually Violent Predator. The Commonwealth established by clear and convincing evidence that Appellant is a Sexually Violent Predator. 42 Pa.C.S. §9799.24.

Trial Court Opinion, 6/14/16, at 1-5 (emphasis in original). Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I) Whether the Commonwealth failed to present at the SVP hearing held on January 22, 2016[,] clear and convincing evidence sufficient to support the determination that [Appellant] should be classified as a sexually violent predator where the testimony and opinion of the Commonwealth's expert, together with [Appellant's] history of record, did not demonstrate that it was likely that [Appellant] would engage in sexually violent offenses in the future.

Appellant's Brief at 7 (full capitalization removed).

In his sole issue, Appellant challenges his classification as an SVP. Appellant's Brief at 11-16. Appellant alleges the evidence presented at the SVP hearing was insufficient to support the trial court's conclusion. *Id*. at 11-12. Appellant claims that the expert opinion that Appellant was likely to reoffend was improperly based upon Appellant's prior criminal record, which contained no instances of sexual offenses. *Id*. at 13-14. Appellant concludes the trial court erred in ruling the Commonwealth demonstrated by clear and convincing evidence that he is an SVP. *Id*. at 16.

An SVP is defined as:

an individual convicted of [a sexually violent offense as set forth in 42 Pa.C.S. section 9799.14 (relating to sexual offenses and tier system) and who], is determined to be a sexually violent predator under [42 Pa.C.S.] section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes a person likely to engage in predatory sexually violent offenses.

42 Pa.C.S. § 9799.12. A "mental abnormality" is a "congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id*. "Predatory" conduct is "an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization." *Id*. The "salient inquiry for the trial court is the identification of the impetus behind the commission of the crime, coupled with the extent to which the offender is likely to reoffend." *Commonwealth v. Dixon*, 907 A.2d 533, 536 (Pa. Super. 2006). However, the risk of reoffending is but one factor to be considered when making an assessment; it is not an "independent element." *Commonwealth v. Morgan*, 16 A.3d 1165, 1170–1172 (Pa. Super. 2011) (citations omitted).

When the defendant is convicted of an offense listed in 42 Pa.C.S. § 9799.14, the trial court orders the S.O.A.B. to evaluate whether to

- 7 -

recommend classifying the defendant as an SVP. ***Commonwealth v. Hollingshead***, 111 A.3d 186, 189 (Pa. Super. 2015). The evaluator whom the Board selects to perform the assessment must weigh the following fifteen factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim; the defendant's relationship with the victim; the victim's age; whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim's mental capacity; the defendant's prior criminal record; whether the defendant completed any prior sentences; whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. ***See*** 42 Pa.C.S. § 9799.24(b) (setting forth assessment factors). It is not necessary for all factors, or any particular number of them, to be present to support an SVP designation. ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008).

The Board must submit its written assessment to the district attorney, 42 Pa.C.S. § 9799.24(c), who then files a praecipe to schedule an SVP hearing. 42 Pa.C.S. § 9799.24(e)(1). The Commonwealth has the burden

- 8 -

at the hearing of proving by clear and convincing evidence that the defendant is an SVP. 42 Pa.C.S. § 9799.24(e)(3). The Commonwealth meets its burden by submitting evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." *Commonwealth v. Meals*, 912 A.2d 213, 219 (Pa. 2006).

> Our standard and scope of review is well-settled:
>
> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Hollingshead*, 111 A.3d at 189.

> In addressing Appellant's issue, the trial court opined as follows:
>
> The issue raised by the Appellant for review presents a challenge to this Court's order finding him a Sexually Violent Predator. On January 22, 2016, a Hearing was held stemming from a praecipe filed by the Assistant District Attorney for the Commonwealth, which was based upon the evaluation of Dr. Melanie Cerone, Ph.D., member of the Pennsylvania Sexual Offenders Assessment Board. The Court issued an order based upon the Sexual Offenders Assessment Board's determination and the Hearing during which Dr. Cerone testified. The Court determined that Appellant had met the criteria established in 42 Pa.C.S. § 9799.24. The Commonwealth established by clear and convincing evidence that the Appellant suffers from a mental abnormality/personality disorder that makes him likely to engage in predatory sexual offenses.

Dr. Cerone testified that Appellant meets the statutory definition of an SVP, because: (1) he has been convicted of a sexually violent offense, as set forth in SORNA Section 42 Pa.C.S. § 9799.14(b); and (2) he suffers from a personality disorder, namely Anti-Social Personality Disorder, that makes him likely to engage in predatory sexually violent offenses within the meaning of SORNA, 42 Pa.C.S. § 9799.12. (N.T. 1/22/16 p.21).

As to the first prong, Appellant has been convicted of a sexually violent offense. Sexual assaults on children are, by definition, "sexually violent." The term sexually violent predator is a legal term which basically subsumes the idea that a sexual violation is always violent. *Commonwealth v. Prendes,* 2014 Pa. Super. 151, 97 A.3d 337, 348, appeal denied, 105 A.3d 736 (Pa. 2014).

As to the second prong, Dr. Cerone concluded that Appellant suffers from Anti-Social Personality Disorder. She explained that Anti-Personality Disorder is one of the two major pathways to reoffending (the other being some form of persistent pedophilic interest that lasted more than six months - not present here). She opined:

> despite his-as I said, his past experience of being arrested, and sanctioned, and incarcerated, and supervised. He sexually abused the victim to gratify his own needs at the expense of the victim's safety and well-being. So I believe this is sufficient evidence of a condition that overrode his control, and likelihood of reoffending. Again, the two pathways, chronic anti-sociality and sexual deviancy. And certainly, having this anti-sociality has been shown to be a significant predictor of sexual offense recidivism. And this is relevant for Mr. Young.
>
> Q. And that's the reason why...that you'll make the diagnosis that he's likely to reoffend-
>
> A. Yes. That this-because of that diagnosis, yes. Yes.

(N.T. 1/22/16 pp.21-22). Dr. Cerone then testified as to what predatory behavior is generally and what specifically Mr. Young

- 10 -

did that satisfied this pathway. (N.T. 1/22/16 p.23). She concluded that the fact that he has a specific, congenital disorder and has engaged in predatory behavior is what makes him more likely to reoffend than someone that has no disorder.

Therefore, the Court found that the Appellant was a Sexually Violent Predator under 42 Pa.C.S. §9799.24(e)(4). On January 22, 2016, [the trial] court issued extensive Findings of Fact and supplemented the Order with additional Findings on February 19, 2016. . . .

Trial Court Opinion, 6/14/16, at 5-7.

Our review of the record reflects that at Appellant's SVP hearing the Commonwealth presented the eleven-page expert report of Dr. Melanie Cerone, who opined that Appellant is an SVP based upon various section 9799.24 factors. N.T., 1/22/16, at 10-11, 24. We have carefully reviewed the evidence, including the transcript from the SVP hearing, Dr. Cerone's report, the trial court's SVP order, and the thorough opinion drafted by the trial court. Of particular note is the following testimony offered by Dr. Cerone regarding Appellant's predatory behavior:

Q So what goes into determining that, and I guess before your answer, is it simply because they're convicted of sex offenses, that they meet that prong?

A No. The Statute defines predatory as an act directed at a stranger or at a person with whom a relationship's been established, or initiated, maintained, promoted, in whole or in part, for the purpose of victimization, to facilitate victimization. So, no, simply because somebody has been convicted of a sexual offense, does not necessarily mean that they are going to meet that predatory prong. And I have had cases where I have found that the individual did not engage in predatory behavior.

Q What was, in this particular case, why did [Appellant] meet the predatory prong?

- 11 -

> A   In this case, [Appellant] had access to the victim through his relationship with the victim's mother. He was an authority figure. He was residing with the victim. He took advantage of the fact that the victim was sleeping. There -- in the records it indicated that while she was sleeping, he entered her bedroom. He touched her genitalia, attempted to remove her shorts, exposed his penis to the victim. These behaviors are all predatory behaviors, the exploitive nature, he took advantage of the victim. According to the victim, this occurred on multiple occasions in the past. [T]he victim reported that the night prior to the instant offense, she awoke to [Appellant] exposing his penis to her, and attempting to remove her shorts. And those behaviors, and in my mind, meet that Statute.

N.T., 1/22/16, at 22-23.

We agree with the trial court that the Commonwealth provided clear and convincing evidence to determine that Appellant is an SVP. Therefore, Appellant's claim to the contrary fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017